IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHARON HAMPTON,

    Plaintiff,

v.                                No. 3:17-cv-00394-DRH-RJD

JACKSON COUNTY CIRCUIT
CLERK'S OFFICE and RECORDER
OF VITAL RECORDS,

    Defendants.

## ORDER

**HERNDON, District Judge:**

The instant matter is raised *sua sponte* as part of the Court's independent obligation to assure itself of jurisdiction over the parties' dispute. Based on the following, plaintiff Sharon Hampton's ("Hampton") complaint (Doc. 1) naming defendants Jackson County Circuit Clerk's Office and Recorder of Vital Records ("defendants") is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## DISCUSSION

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, *and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.*" *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (emphasis added) (district court committed error by addressing merits

after concluding it has no jurisdiction to hear case). Federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is addressed by the parties to the suit. *Krueger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993).

Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, arises *only when the complaint standing alone establishes that federal law created plaintiff's cause of action, or plaintiff's right to relief is contingent on resolution of a substantial question of federal law.* See Minor v. Prudential Sec., Inc., 94 F.3d 1103, 1105 (7th Cir. 1996). However, simply inserting federal statutes on the face of a civil complaint does not confer federal question jurisdiction; rather the lawsuit must actually involve a "substantial question of federal law." *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983) (district courts have jurisdiction to hear only cases in which complaint establishes federal law created cause of action).

Here, Hampton attempts to invoke federal question jurisdiction by alleging defendants committed an illegal transfer of property, document fraud, and abuse of process pursuant to 8 U.S.C. § 1324(c) (Doc. 1 at 2); and, fraud and false statement in violation of 26 U.S.C. § 7206 (Id. at 4). Unfortunately, both federal statutes Hampton cites are inapplicable to her claim. This Court's *sua sponte* jurisdictional inquiry reveals that § 1324(c) governs authority to arrest individuals in violation of harboring illegal aliens, *see* 8 U.S.C. § 1324(c); and, § 7206 concerns fraud and false statements when filing tax related documents under the

Internal Revenue Code. *See* 26 U.S.C. § 7206. In examining the issues presented by the plaintiff's complaint it is a matter to be resolved by the state court system. Should the plaintiff find a viable federal theory, she is welcome to move for leave to reinstate this action and to amend her complaint. On the other hand, should she wish to appeal this Court's ruling she may move for the entry of a judgment, since without plaintiff attempting some other theory, this Court has no other reason to maintain this file in active status. Accordingly, Hampton's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Clerk will be directed to close the file at this time subject to reinstatement if that should occur.

**IT IS SO ORDERED**.

Signed this 2nd day of May, 2017.

Judge Herndon
2017.05.02
05:08:07 -05'00'

**UNITED STATES DISTRICT JUDGE**